**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 99-63-GPM |
| ) | |
| PHARMACIA CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| PHARMACIA CORPORATION and ) | |
| SOLUTIA, INC., ) | |
| ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Counterclaim Defendants. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Eleven years, roughly thirty parties and countless legal proceedings, including one trial, have not helped rid this Court of this "troublesome priest" of a case. Of course, no one expected that cleaning up almost one hundred years and well over 500,000 cubic yards worth of toxic waste and hazardous substances would be easy. Progress, however, has been made. Tens of millions of dollars have been expended to begin the clean-up of the Sauget Area 1 sites; and, on December 15, 2009, a Partial Consent Decree was entered (Doc. 772). Finally, all but one of the potentially responsible parties (PRPs) have entered into settlement agreements with Plaintiff and with one another.

Now before the Court is Crossclaim Plaintiffs', Pharmacia Corporation's and Solutia Inc.'s (collectively, Pharmacia), Motion for Leave to File a Third Amended Joint Crossclaim and Counterclaim against Counterclaim Defendant, Rogers Cartage Company (Rogers) (Doc. 765). Rogers responded to the motion and a hearing was held on January 11, 2010 (Doc. 766). In its motion, Pharmacia asserts that a "momentous change in law" — namely, the United States Supreme Court's decision in *United States v. Atlantic Research Corp.*, 551 U.S. 128 (2007) — allows it to bring a claim against Rogers, for direct costs and future costs it has allegedly incurred, under § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). 42 U.S.C. § 9607(a). These costs, Pharmacia alleges, are not for the reimbursement of any party, but they have been incurred pursuant to two administrative orders (Doc 765, ¶ 19).

*Atlantic Research* marked a major shift in interpretation for CERCLA actions. Specifically, the *Atlantic Research* Court held that "the plain language of [§ 107(a)(4)(B)] . . . authorizes cost-recovery actions by any party, including PRPs." 551 U.S. 128 at 136. Ostensibly, this holding permits PRPs, such as Pharmacia, to bring a distinct claim under § 107(a)(4)(B) against other PRPs for costs they have *directly incurred* in cleaning up a site. 551 U.S. 128 at 139. In footnote six, however, the Supreme Court expressly declined to decide the exact scenario now confronting this Court: whether "compelled costs of response" — that is, costs that are *not* voluntarily incurred, such as those incurred by a PRP pursuant to consent decree — "are recoverable under § 113(f), § 107(a), or both". 551 U.S. 128 at 139 n.6.

Here, the door for Pharmacia's CERCLA § 113 contribution claim has been closed as being derivative of the United States' claim, which it lost (*see* Doc. 681). However, in light of *Atlantic Research*, the door for claims under § 107 for direct costs — even those incurred pursuant to

administrative decrees, such as Pharmacia's claims here — is at least arguably open.  Admittedly, this door leads to uncharted territory.  Nevertheless, at this stage in the proceedings, "it suffices that [Pharmacia's] position is not frivolous or implausible." *United States v. Kramer*, 2009 WL 2339341, *7 (D.N.J. July 27, 2009).  If Pharmacia was not permitted to bring its pleadings in line with *Atlantic Research*, then, like the Defendants in *Kramer*, they would be prevented from attempting to recover their expenses from Rogers, a non-settling PRP, altogether.

Federal Rule of Civil Procedure 15(a) gives district courts broad discretion to grant leave to amend, or to deny it where there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  Rogers has made no showing of any of the above considerations.  At the hearing, Rogers attempted to argue that there had been undue delay.  While the *Atlantic Research* opinion was handed down approximately two and a half years ago, knowledge of its potential impact cannot, realistically, be immediately attributable to Pharmacia.  More importantly, in the context of almost eleven years of litigation and ongoing efforts to reach settlements and a consent decree, it's hard to see how these few years unduly prejudice Rogers, or create an undue hardship in any way.  Indeed, this is not an entirely new or separate claim and neither party suggested that extensive (if any) additional discovery would be required.

At bottom, significant developments in the law that bear upon the claims and defenses in this case occurred after the original pleading was filed.  Further, leave to file amended pleadings under Rule 15 should be "freely give[n]."  Fed. R. Civ. P. 15(a)(2).  Having therefore concluded that Rogers would not be unduly prejudiced by Pharmacia's proposed amended pleading, the Court **GRANTS** the motion for leave to amend.

Further, it is apparent to the Court based on the papers filed and on the statements of counsel at the January 11, 2010, hearing, that both Pharmacia and Defendant/Crossclaimant Cerro Flow Products, Inc. (Cerro Flow) share nearly identical procedural and substantive postures (*see* Doc. 767).  As such, Cerro Flow's "Joinder . . . in Pharmacia Corporation's and Solutia Inc.'s Motion for Leave to File a Third Amended Joint Crossclaim and Counterclaim" is construed as a separate Motion for Leave to File a Third Amended Crossclaim and it is hereby **GRANTED** (Doc. 767).  All Crossclaim Plaintiffs shall file their Third Amended Joint Crossclaims not later than 12:00 p.m. on Friday, January 22, 2010.

**IT IS SO ORDERED.**

DATED:  01/20/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge