IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 99-63-GPM |
| | ) |
| SOLUTIA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Despite a Court-approved settlement between the parties dismissing the claims in this suit (Docs. 848, 849), Rogers Cartage filed a third-party complaint in a separate case before Chief Judge David Herndon re-instigating the issues of this case. *ConocoPhillips Pipe Line Co. v. Rogers Cartage Co.,* SDIL Case no. 11-497-DRH-DGW. Chief Judge Herndon severed and transferred that third-party complaint to the undersigned, and, with Solutia Inc. moving for the same, this case was reopened (Docs. 874, 875).

Pharmacia Corp. and Solutia Inc. moved to dismiss Rogers Cartage's claim (Doc. 884). After the issue was fully briefed, the Court heard argument on the motion to dismiss (Doc. 890). Stating the rationale for the Order on the record, the Court granted the motion to dismiss Rogers Cartage's claim at that hearing (*Id.*). Solutia's counsel then filed a motion for attorney fees arising from litigation of Rogers Cartage's third-party complaint (Doc. 891).

Before the Court ruled on Solutia's motion for attorney fees, and before the Court entered

any written docket entry on the Order granting dismissal of Rogers Cartage's third-party complaint, Rogers Cartage filed a notice of appeal (Doc. 898). The appeal was made on the basis of the Court's minute entry from the hearing (Doc. 898). The appeal is still pending.

Because the appeal was made on the basis of the record adduced at the hearing only, because the Court's rationale for granting dismissal was fully elucidated on the record, and because the Court was divested of jurisdiction on the merits when Rogers Cartage filed its appeal, no further written Order on the motion to dismiss issued. *See Lenard v. Argento,* 699 F.2d 874, 898 (7th Cir. 1983) ("The filing of a timely Motion for appeal has the effect of transferring the jurisdiction over the case from the district court to that of the appellate court.").

The Court will now, however, rule on the pending motion for attorney fees. Though jurisdiction for this case lies with the Seventh Circuit Court of Appeals, Seventh Circuit precedent convinces the Court that the motion for attorney fees may be disposed of here, even though the merits of the motion to dismiss are on appeal. *Patzer v. Board of Regents of University of Wisconsin System,* 763 F.2d 851, 859 (7th Cir. 1985) ("The merits and attorneys' fees are separate proceedings, and the notice of appeal from the judgment on the merits does not affect the court's power to act on the petition for attorneys' [f]ees."); *Terket v. Lund,* 623 F.2d 29, 34 (7th Cir. 1980) ("It is true that in ruling on the issue of attorneys' fees a district court must take into account both the relative merit of the plaintiff's case and the result obtained. But this is not the sort of reconsideration of the merits which could lead to altering the substantive judgment or in any way interfere with the pending appeal. The district court merely takes the merits into account, along with many other factors, in making a discretionary decision entirely distinct from the underlying judgment. Thus the policy against two courts treating the same issues concurrently does not

require withdrawing the district court's power to decide attorneys' fees motions while an appeal is pending.").

The Court credits Solutia's argument for fees (Doc. 891). Rogers Cartage filed a complaint in the face of an unambiguous settlement agreement. Pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of a United States district court, and for the reasons stated in Solutia's motion, Solutia's motion is **GRANTED**. Rogers Cartage is **ORDERED** to pay attorney fees and costs to Solutia, Inc. in the amount of **$200,000.00**.

**IT IS SO ORDERED.**

**DATED**: August 21, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge